UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

                                   Criminal No. 00-80762
                                   Civil No. 04-70961

v.

                                   Hon. John Corbett O'Meara

DANELL SMITH,

      Defendant/Petitioner.
_____/

**OPINION AND ORDER DENYING
PETITIONER'S HABEAS PETITION**

      Before the court is Danell Smith's motion to vacate sentence pursuant to 28 U.S.C. §

2255. The court held an evidentiary hearing on April 16, 2009. The government and Smith filed

post-hearing briefs on May 22 and 23, 2009, respectively. The issue before the court is whether

Smith's trial counsel rendered constitutionally ineffective assistance by not informing Smith of

the details of a plea bargain or advising him whether to accept it.

**BACKGROUND FACTS**

      Smith was charged with conspiracy to possess with intent to distribute cocaine base

(crack). After a jury trial, Smith was found guilty on March 29, 2002. On October 22, 2002, the

court sentenced Smith to 188 months imprisonment, which represented the bottom of the 188 to

235 month sentencing range. Smith appealed his sentence and conviction, which were affirmed

by the Court of Appeals for the Sixth Circuit.

      Smith then filed a timely motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

Smith raised various issues, including ineffective assistance of counsel. On July 26, 2004, the

court denied Smith's section 2255 motion, finding that all issues raised by Smith were procedurally barred. Smith appealed; the Sixth Circuit reversed the portion of the order dismissing the ineffective assistance of counsel claim as procedurally barred and remanded for consideration of the merits. Specifically, this court was to consider whether Smith's counsel was ineffective for failing to inform him of the details of a plea bargain or advising him whether to accept it.

Smith testified at the evidentiary hearing that he initially met with his attorney, Marc Lakin, in June 2001, around the time that he was indicted. On August 2, 2001, Assistant U. S. Attorney Ken Chadwell sent Lakin a letter, offering a Rule 11 plea agreement. Smith testified that Lakin did not inform him of the plea offer. Tr. at 14.

In October 2001, Lakin and Smith met with Chadwell. Chadwell played four audiotapes that implicated Smith in the alleged drug conspiracy. The tapes, in themselves, were not overwhelming evidence, as they did not specifically describe any drug transactions. See Govt. Exs. 1-4 (tape transcripts). Smith was not referred to by name on the tapes, but rather was identified as "Buck." At the meeting, Chadwell offered Smith a "seven year plea agreement or risk going to trial and getting 24 [years]". Tr. at 16-17.

After the meeting, Lakin and Smith went to Lakin's office. Smith testified that "When I got back to his office, first thing he told me was, first thing he told me is the case is weak. And if you want me to get your life back, you have to pay me more money." Id. at 17-18. "He was telling me that the case was an easy case. And if I paid him more money, he could win the case for me." Id. at 18. Smith stated that Lakin did not discuss the seven-year plea deal offered by Chadwell and did not explain why he thought the case was weak. Id. at 18, 22. Rather, Lakin

calculated Smith's income and expenses to determine Smith's weekly attorney fee payment of $200. Id. at 21-22.

Chadwell extended a second plea offer to Smith in February 2002, which would have resulted in a 63-month sentence. Id. at 33-34. Smith testified that he was not aware of the plea offer and never saw the plea agreement until after he obtained a new lawyer after trial. Id. 36.

Smith testified that Lakin never discussed the strengths and weaknesses of the case with him, or the sentencing guidelines. Id. at 26. Smith and a friend, Tamie Hill, met with Lakin the day before trial was scheduled to begin. Smith testified that, at that meeting, Lakin "wondered who was coming to testify against me" and "was there any other evidence against me." Id. at 28-29. Lakin phoned Chadwell; after that, Lakin found a large envelope that had not been opened. Id. 29-30, 61. Smith testified:

> He came in with an envelope. It was still sealed. He had taken a letter opener to open it up. He pulled out about – he pulled out some paperwork. Then he said who is who is Eric Joseph? How can he hurt you? Who is Willie Robinson? How can he hurt you? After I explained to him who Eric Joseph was, Willie Robinson, he told me he was nauseated, for me to come back in the morning an hour before trial started the next day.

Id. at 30. Ms. Hill testified that Lakin told Smith "he could win the case for him."

After a three-day jury trial, Smith was convicted of the drug charges against him. Smith took the stand during the trial and testified that he did not purchase drugs. At the evidentiary hearing, Smith admitted that he perjured himself at trial. Tr. at 42.

Lakin also testified at the hearing. He did not recall copying the Rule 11 in a letter for Smith, although he stated that he did discuss it with him "in one of our several meetings." Tr. at 64-65. Lakin testified,

> Well, obviously Mr. Smith had, had very little contact with the
> criminal justice system at that time.  And I don't believe that he
> fully comprehended the full weight of the United States going after
> him.  So I explained that to him.  I read him the Rule 11 and I told
> him the possible exposures if he didn't take the Rule 11 at that
> time.  I think that originally the 97 months and what the mandatory
> minimums were, what consideration he was getting.  If he didn't
> take the offer, what his possible exposure was at that time to even
> more time.  We basically read word for word the Rule 11.

Id. at 69-70.

Lakin did not remember copying the second Rule 11 plea agreement for Smith.  "But I do

have a memory of going over the second Rule 11 plea agreement with him and a young lady as I

say at my office, I do remember that."  Id. at 74.  Lakin also testified that he discussed the

sentencing guidelines with Smith.  Id. at 75.

Lakin did not recall Chadwell offering a seven-year plea agreement at the meeting when

they listened to the tapes.  Id. at 77.  With respect to the potential plea agreements, Lakin

testified:

> The original offer was definitely going to be rejected, the 97
> months was going to be rejected.  One of our strategies, frankly,
> was to be the last man standing.  I think one by one the co-
> conspirators plead guilty along the way.  I think I remember that
> Mr. Chadwell – this is a little bit unusual, made a [second] Rule 11
> offer.  It was kind of incredible.  I had been working with Mr.
> Chadwell and talking to Mr. Chadwell continually about this, I
> remember.  And then it came, the second really good offer came.
> We worked very hard in getting that second offer; and it came
> several months later in February of 2002.  I was pretty excited.  I
> remember seeing a much better offer to go from 97 to 63 months
> as a cap.  I though that was an outstanding offer at the time.  So I –
> it's hard for me to believe I would have worked so hard to get him
> a second Rule 11 and then not suggest he take it.  That wouldn't
> really make a lot of sense.

Id. at 85-86.

Lakin "sensed that [Smith] wanted to take [the plea]," but the "young lady" who

-4-

accompanied him to the meeting "recommended he not take it because then – because of his financial obligations and other things that were going on at the time." Id. at 86.  Although Lakin initially testified that he recommended the second Rule 11, he later stated: "After actually hearing those [tapes], I'm not sure that I would have used the word recommended anything.  I have no memory of actually recommending he take the Rule 11.  I remember working hard to get the Rule 11 and I remember as a deal I remember of the co-conspirators, it was the best deal out there. . . . But whether Mr. Smith actually said the words 'what do you recommend,' I really don't remember him asking that question." Tr. at 111-12.

## LAW AND ANALYSIS

To demonstrate ineffective assistance of counsel, Smith must show that his counsel's performance was seriously deficient and that this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).  To show that counsel's performance was deficient, Smith must demonstrate that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms.  Id. at 688.  In applying this standard, "'a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Fortson, 194 F.3d at 736 (quoting Strickland, 466 U.S. at 689).  In order to establish prejudice, a defendant must show that, but for counsel's error, the result would have been different.  Weinberger v. United States, 268 F.3d 346, 352 (6th Cir. 2001).  In the context of a guilty plea, "the claimant need only show a reasonable probability that he would have pleaded differently" given competent advice. Griffin v. United States, 330 F.3d 733, 737 (6th Cir. 2003).

"A defense attorney's failure to notify his client of a prosecutor's plea offer constitutes

-5-

ineffective assistance of counsel under the Sixth Amendment and satisfies the first element of the *Strickland* test." Id.  See also Smith v. United States, 348 F.3d 545, 552-53 (6th Cir. 2003). Although Smith testified that Lakin never informed him of the government's two plea offers, Lakin testified that he did so inform Smith.  Based upon its view of the evidence and demeanor of the witnesses, the court credits Lakin's testimony here.  Smith admitted that he committed perjury at his trial by denying involvement in the drug trade.  Lakin is an experienced lawyer of sound reputation.  The government argues, persuasively, that under the circumstances Lakin's testimony is more credible.  The court agrees and finds that Smith has not carried his burden of demonstrating that his counsel's performance was seriously deficient.  Specifically, the court finds that Lakin sufficiently informed Smith of the government's plea offers and his options regarding them to allow Smith to make a reasoned decision as to whether to accept or reject them.  Accordingly, Smith cannot sustain his ineffective assistance of counsel claim.

## ORDER

IT IS HEREBY ORDERED that Petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255 is DENIED.

s/John Corbett O'Meara
United States District Judge

Date:  July 30, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 30, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager

-6-